**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

LAZARO QUINONES-CEDENO,    )
    )
       **Plaintiff,**    )
    )
v.    )    **Civil Action No. 1:20-00466**
    )
MS. BARBARA RICKARD, *et al.*,    )
    )
       **Defendants.**    )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1), filed on July 8, 2020. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

## FACTUAL BACKGROUND

1. **Instant Action:**

On July 8, 2020, Plaintiff, acting *pro se*,[1] filed his Motion to Proceed Without Prepayment of Fees and Costs and a Complaint for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document Nos. 1 and 4.) In his Complaint, Plaintiff names the following as Defendants: (1) Bureau of Prisons ["BOP"]; (2) Ms. C. Barker, Kitchen Supervisor; (3) Barbara Rickard, Ex-Warden; (4) Roland Randan, SIS Lt.; (5)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

C. Moore, SIS; (6) Ms. M. Carver, Associate Warden and Acting Warden/Remedy Coordinator; (7) K. Rish, Associate Warden and Acting Warden; (8) Daniel P. Munn, Captain; (9) D. Mayle, Lieutenant; (10) C. Looney, Foreman Cook; (11) Ms. M. Leslie, DHO; (12) K. Hurd, Correctional Officer; (13) K. Handley, Correctional Officer; (14) D. Martin, Lieutenant. (Document No. 4.) Plaintiff alleges that Defendants conspired "to hide and alter evidence of obstruction of due process" regarding his administrative remedies. (Id., p. 11.) Plaintiff alleges that Defendants were "holding, withholding, and tampering with legal documents in Remedies ID 918649-A1 and 939314-R2" in violation of his due process rights under the First and Fifth Amendments. (Id., pp. 11 – 12.) Specifically, Plaintiff complains that Defendants failed to deliver the remedy rejections in a timely fashion and failed to provide notice of non-delivery. (Id.) Next, Plaintiff alleges that "retaliation ensued upon Plaintiff and he was placed in the Special Housing Unit (SHU) on December 20, 2018, with a fabricated Incident Report No. 3204610" that was filed by Defendant Barker. (Id.) Plaintiff indicates that the Disciplinary Hearing Officer found him guilty of the violation and he is in the process of the appealing this decision. (Id.) Plaintiff further states that he was then transferred from FCI McDowell to FCI Hazelton so "staff could get away with all irregularities and abuse against Plaintiff." (Id.) Finally, Plaintiff complaints that Defendants were corrupt and "hostile" towards him. (Id.) As an example, Plaintiff states that on November 11, 2018, "someone from the outside threw drugs and other contraband over the fence in the front of a security truck." (Id., p. 13.) Plaintiff requests monetary damages and injunctive relief. (Id., p. 15.)

As Exhibits, Plaintiff attaches the following: (1) A copy of Plaintiff's administrative remedies documents (Document No. 4-1, pp. 2, 6 – 9, Document No. 4-2, pp. 1 – 4, Document No. 4-3, Document No. 4-4, Document No. 4-5, pp. 4 – 17; Document No. 4-6, pp. 2 – 13,

Document No. 4-7, pp. 2 – 6, 11 – 18, 21 – 26, Document No. 4-8, and Document No. 6.); (2) A copy of Plaintiff's FOIA request and BOP's response (Document No. 4-1, pp. 3 – 5 and Document No. 4-7, pp. 19 - 20.); (3) A copy of the Incident Report dated December 20, 2018, issued by C. Barker (Id., pp. 10, 13 - 15.); (4) A copy of Plaintiff's "Notice of Discipline Hearing Before the DHO" dated October 31, 2019 (Id., p. 11.); (5) A copy of Plaintiff's "Inmate Rights At Discipline Hearing" (Id., p. 12.); (6) A copy of the "Investigation" report concerning the Incident Report (Id., p. 13.); (7) A copy of the "UDC Statement" (Id., p. 16.); (7) A copy of the "Discipline Hearing Officer Report" dated January 16, 2020 (Document No. 4-2, pp. 4 – 8.); (8) A copy of Plaintiff's letter dated November 10, 2018, addressed to United States President Donald J. Trump (Document No. 4-5, pp. 2- 3.); (9) A copy of Plaintiff's letters dated November 2, 2018, August 22, 2019, September 15, 2019, addressed to the Office of Inspector General (Document No. 4-6, pp. 13 and 19, 20.); (10) A copy of an email dated October 10, 2018, from Plaintiff to Warden Barbara Rickard (Id., p. 14.); (11) A copy of documents filed in Case No. 1:19-cv-00064 (Document No. 4-6, p. 13 – 18, Document No. 4-7, pp. 6 - 10.); (12) A copy of Plaintiff's letters dated February 10, 2019 and July 28, 2019, addressed to the U.S. Department of Justice (Document No. 4-6, pp. 21 – 22.); (13)

2.      **Civil Action 1:19-cv-00064:**

On January 25, 2019, the Court filed a letter-form Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971), thereby initiating Case No. 1:19-cv-00064. (Case No. 1:19-cv-00064, Document No. 1.) By Order entered on January 29, 2019, the undersigned directed Plaintiff to amend his Complaint to name "persons" as defendants, specifically set forth his constitutional claims, and state facts as to how each defendant violated

his constitutional rights. (<u>Id.</u>, Document No. 3.) On February 11, 2019, Plaintiff filed his letter-form Motion to Extend Time to Amend Complaint and letter-form Motion for Preliminary Injunction. (<u>Id.</u>, Document Nos. 4 and 5.) By Order entered the following day, the undersigned granted Plaintiff's Motion to Extend Time to Amend Complaint. (Document No. 7.) On February 14, 2019, Plaintiff's filed his second Motion for Extension of Time to file his Amended Complaint. (<u>Id.</u>, Document No. 8.) On February 25, 2019, the undersigned denied Plaintiff's second Motion for Extension of Time as moot based upon the granting of the letter-form Motion to Extend Time filed on February 11, 2019. (<u>Id.</u>, Document No. 9.) On February 25, 2019, Plaintiff filed his first Amended Complaint. (<u>Id.</u>, Document No. 10.) On February 28, 2019, Plaintiff filed his Motion for Extension of Time to file his Motion to Proceed Without Prepayment of Fees and Costs. (<u>Id.</u>, Document No. 11.) By Order entered on March 1, 2019, the undersigned granted Plaintiff's Motion for Extension of Time concerning the filing of his Motion to Proceed Without Prepayment of Fees. (<u>Id.</u>, Document No. 12.) On March 4, 2019 and March 6, 2019, Plaintiff filed documentation in support of his Amended Complaint. (<u>Id.</u>, Document Nos. 13 and 14.)

On March 29, 2019, Plaintiff filed his Motion to Proceed Without Prepayment of Fees and Costs and second Amended Complaint. (<u>Id.</u>, Document Nos. 19 and 20.) As Defendants in his second Amended Complaint, Plaintiff named the following: (1) Ms. Barbara Rickard, Warden; (2) Roldan Randan, SIS Lieutenant; (3) C. Moore, SIA; (4) Paul Munn, Captain; (5) J.A. Keller, S.E.R.O. Director, Atlanta, GA; (6) B.M. Antonelli, FCI Williamsburg Warden; and (7) M. Travis Bragg, FCI Bennettsville Warden. (<u>Id.</u>) Plaintiff indicated that the events concerning his second Amended Complaint took place at the following locations: (1) FCI Beaumont, Texas; (2) FCI Bennettsville, S.C.; (3) FIC Williamsburg, S.C.; and (4) FCI

McDowell, WV. (Id.) By Order entered on April 1, 2019, the undersigned noted that upon screening the Court determined that Plaintiff's second Amended Complaint was convoluted and difficult to comprehend. (Id., Document No. 25.) Specifically, the undersigned noted that Plaintiff failed to identify at which location each Defendant's alleged misconduct occurred. (Id.) The undersigned further notified Plaintiff that to the extent Plaintiff was attempting to file an action concerning allegations that occurred at prisons located in Texas or South Carolina, Plaintiff should initiate an action concerning such allegations in the District Court having personal jurisdiction over those defendants. (Id.) The undersigned, therefore, ordered Plaintiff to again amend his Complaint to specifically set forth his constitutional claims and state specific facts as to how each defendant violated his constitutional rights. (Id.) Finally, the undersigned notified Plaintiff that the filing of an Amended Complaint would supersede the original letter-form Complaint and other Amended Complaints, and there must be one integrated document that will provide the defendants with notice of the claims and allegations against them. (Id.)

On April 11, 2019, Plaintiff filed an Addendum to his second Amended Complaint. (Id., Document No. 26.) On May 2, 2019, Plaintiff filed his third Amended Complaint and an Addendum to his Amended Complaint. (Id., Document Nos. 27 and 28.) In his third Amended Complaint, Plaintiff named the following as Defendants: (1) Ms. Barbara Rickard, Former Warden; (2) Roldan Randan, SIS Lieutenant; (3) C. Moore, SIA; (4) Paul Munn, Captain; (5) D. Martin, Lieutenant; (6) C. Barker, Foreman Cook; and (7) D. Mayle, SHU Lieutenant. (Document No. 27.) On May 8, 2019, Plaintiff filed a second Addendum to his third Amended Complaint. (Id., Document No. 29.) By Order entered on May 9, 2019, the undersigned again directed Plaintiff to file an Amended Complaint including all of his claims. (Id., Document No. 30.) The undersigned noted that Plaintiff had filed Addendums after the filing of his most recent

Amended Complaint. (Id.) The undersigned again notified Plaintiff that his most recent Amended Complaint would supersede the original letter-form Complaint and other Amended Complaints, and there must be one integrated document that will provide the defendants with notice of the claims and allegations against them. (Id.) On May 30, 2019, Plaintiff filed a third Addendum to his third Amended Complaint. (Id., Document No. 31.) By Order entered on May 31, 2019, the undersigned directed Plaintiff to file an Amended Complaint including all of his claims. (Id., Document No. 32.) The undersigned noted that Plaintiff continued to file Addendums to his Amended Complaint even though this Court has notified Plaintiff "multiple times that the Amended Complaint will **supersede** the original letter-form Complaint and other Amended Complaints, and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them." (Id.) Despite Plaintiff's continuous failure to comply with the Court's above directions, the undersigned directed that Plaintiff be "allowed one final chance to comply with the Court's Orders." (Id.)

On June 14, 2019, Plaintiff filed his fourth Amended Complaint and two Addendums. (Id., Document Nos. 33 and 33-1.) In his fourth Amended Complaint, Plaintiff named the following as Defendants: (1) Ms. Barbara Rickard, Warden; (2) Roldan Randan, SIS Lieutenant; (3) C. Moore, SIA; (4) K. Rich, Associate Warden; (5) C. Barker, Foreman Cook; (6) D. Mayle, SHU Lieutenant; and (7) D. Martin, Lieutenant. (Id., Document No. 33.) Plaintiff stated that FCI McDowell staff are "covering" for misconduct that occurred at FCI Bennettsville and FCI Williamburg. (Id.) In his fourth Amended Complaint and Addendums, Plaintiff appears to explain that he was required to file Addendums due to a delay in receiving the Court's Order directing the filing of an Amended Complaint. (Id., Document Nos. 33 and 33-1.) Plaintiff explains that by the time he received the Court's Order setting forth a deadline for the filing of an

Amended Complaint, Plaintiff had only a few days left to file his Amended Complaint.[2] (Id.) First, Plaintiff alleges that Defendants Rickard and Randan violated his Fifth Amendment rights by failing to deliver the administrative remedy rejection notices in a timely manner. (Id., p. 5.) Second, Plaintiff alleges that Defendant Moore "is keeping me held hostage in the Special Housing Unit ["SHU"] since December 20, 2018, in retaliation for [his] filing of grievances and this civil action." (Id.) Third, Plaintiff alleges that Defendants Moore, Rich, Mayle, Martin, Barker, Looney, Hurd, and Handley are retaliating against him. (Id.) Plaintiff states that the "First Amendment prohibits jail officials from retaliating against inmates who report complaints, file grievance, or file lawsuits." (Id.) As relief, Plaintiff requested that he be released from SHU, his good time credit restored, and monetary damages. (Id., Document No. 33, p. 8.)

By Proposed Findings and Recommendations ["PF&R"] entered on June 26, 2019, the undersigned recommended that Plaintiff's Amended Complaint be denied. (Id., Document No. 35.) Specifically, the undersigned recommended the dismissal of the following: (1) Plaintiff's claim that Defendants violated his constitutional rights by rendering the BOP's Administrative Remedy process unavailable or futile; (2) Plaintiff's claim that Defendants' hostility and verbal harassment constituted an Eighth Amendment violation; (3) Plaintiff's claim that his placement in the SHU resulted in a due process violation; and (4) Plaintiff's First Amendment retaliation claim. (Id.) By Memorandum Opinion and Judgment Order entered on September 25, 2019, the

---

[2] The undersigned notes that Plaintiff could have filed a Motion for Extension of Time based upon such circumstances, but Plaintiff continuously failed to do so. Instead, Plaintiff filed his Amended Complaint and numerous Addendums. The record further reveals that Plaintiff had requested a prior extension of time concerning his first Amendment Complaint. Thus, Plaintiff was clearly aware that extensions of time would be granted upon proper circumstances. To the extent Plaintiff was complaining of a delay in receiving his incoming mail, the undersigned determined that such does not generally constitute a constitutional violation. Prisons have a legitimate interest in screening incoming mail for contraband. Due to the large volume of incoming mail, some delay in receiving incoming mail is to be expected. As stated above, such a delay would have been proper circumstances for the granting of a motion for extension of time

District Court adopted the undersigned's recommendation and dismissed Plaintiff's Amended Complaint. (Id., Document Nos. 51 and 52.) On October 28, 2019, Plaintiff filed a Motion to Alter or Amend Judgment pursuant to Rule 59. (Id., Document No. 56.) On January 17, 2020, the District Court granted Plaintiff's Rule 59 Motion, vacated its earlier Memorandum Opinion and Judgment Order, and directed that Plaintiff had until February 17, 2020, to file any Objections to the PF&R. (Id., Document No. 64.) On February 18, 2020, Plaintiff filed his Objections and Declarations in Support. (Id., Document Nos. 68 – 70.) On June 8, 2020, Plaintiff filed his Sworn Affidavit in Support of Harassment and Retaliation. (Document No. 73.) By Memorandum Opinion and Judgment Order entered on June 8, 2020, the District Court again adopted the undersigned's recommendation and dismissed Plaintiff's Amended Complaint. (Id., Document Nos. 74 and 75.) Plaintiff failed to file an appeal with the Fourth Circuit.

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a person seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually

concerning Plaintiff's legal filings, but Plaintiff choose to forego filing such a Motion.

when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## DISCUSSION

1. **The BOP is an Improper Party:**

A Bivens action is a judicially created damages remedy which is designed to vindicate

violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). Accordingly, the undersigned respectfully recommends that Plaintiff's claim against the BOP be dismissed.

**2.    _Res Judicata_ and Collateral Estoppel:**

The "interest of justice and concerns for judicial efficiency support the Court's _sua sponte_ consideration of _res judicata_ and collateral estoppel" where a "litigation was litigated in same court, before the same judge, between identical parties." Mollohan v. Warner, 2017 WL 1217204, * 4- 5 (S.D.W.Va. March 31, 2017)(J. Johnston); also see Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006)(finding that _re judicata_ may be considered _sua sponte_ because it implicates important institutional interest of the judiciary); Carbonell v. La. Dept. of Health

and Human Resources, 772 F.2d 185, 189 (5th Cir. 1985)(a court may considered *res judicata*

*sua sponte* when "all relevant data and legal records are before the court and the demands of

comity, continuity in the law, and essential justice mandate judicial invocation of the principles

of *res judicata*.") The preclusive effects of the doctrines of *res judicata* and collateral estoppel

are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve

parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S.

322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under

*res judicata*, a final judgment on the merits bars further claims by parties or their privies based

on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945

F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct.

970, 973, 59 L.Ed.2d 210 (1979). Collateral estoppel "precludes relitigation of an *issue* decided

previously in judicial or administrative proceedings provided the party against whom the prior

decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier

proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995)(emphasis added). "Unlike *re*

*judicata*, "[c]ollateral estoppel . . . does not always require that the parties be the same." Harrison

v. Burford, 2012 WL 2064499, * 8 (S.D.W.Va. June 7, 2012)(J. Goodwin)(citation omitted).

Due process, however "requires that any person against whom collateral estoppel is asserted

must have had a prior opportunity to have litigated his claim." Id.(citations omitted). Therefore,

the doctrine of *res judicata* applies if the following elements are satisfied: "(1) a final judgment

on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and present

suit; and (3) an identity of the parties or their privies." Pueschel v. U.S., 369 F.3d 345, 354-55

(4th Cir. 2004). The doctrine of collateral estoppel applies if the following elements are satisfied:

(1) "the issue sought to be precluded is identical to one previously litigated;" (2) "that the issue

was actually determined in the prior proceeding;" (3) "that the issue's determination was 'a critical and necessary part of the decision in the prior proceeding;" (4) "that the prior judgment is final and valid;" and (5) "that the party against whom collateral estoppel is asserted 'had a full and fair opportunity to litigate the issue in the previous forum." Collins v. Pond Creek Mining Co., 468 F.3d 213 (4ᵗʰ Cir. 2003)(citation omitted). The Court will consider the above-referenced elements in determining whether the prior judgment entered by this Court in Case No. 1:19-cv-00064 precludes Plaintiffs' claims against Defendants.

### A.    Defendants Rickard, Randan, Moore, Munn, Martin, Barker and Mayle:

The Court will first consider the above-referenced elements in determining whether the prior judgment entered by this Court in Case No. 1:19-cv-00064 precludes Plaintiff's claims against Defendants Rickard, Randan, Moore, Munn, Martin, Barker and Mayle.

First, the undersigned finds that there was a final judgment on the merits in Plaintiff's prior action. (Case No. 1:19-00064, Document Nos. 74 and 75.) The undersigned entered his PF&R on June 26, 2019. (Id., Document No. 35.) On February 18, 2020, Plaintiff filed his Objections and Declarations in Support. (Id., Document Nos. 68 - 70.) On June 8, 2020, District Judge Faber adopted the PF&R and dismissed Plaintiff's Amended Complaint. (Id., Document Nos. 74 and 75.) Plaintiff did not file an appeal with the Fourth Circuit Court of Appeals.

Next, the Court finds that the cause of action in both the earlier suit and the present suit are the same. Lawsuits are deemed to have the same cause of action if the two suits "arise from the same transaction or series of transactions or the same core of operative facts." Harnett v. Billman, 800 F.2d 1308, 1312 n. 1 (4ᵗʰ Cir. 1986); see also Sullivan v. Easco Corp., 662 F. Supp. 1396, 1408 (1987)("Two causes of action are deemed the same for the purposes of *res judicata* only if the same evidentiary facts would support both actions."). Identical to Plaintiff's prior suit,

Plaintiff bases his present suit upon the following: (1) Defendants violated Plaintiff's due process rights and access to the court by interfering with Plaintiff's administrative remedies; (2) Defendants violated Plaintiff's rights under the Eighth Amendment by subjecting him to hostility and harassment; (3) Defendants retaliated against Plaintiff for filing administrative remedies in violation of the First Amendment; and (4) Defendants violated Plaintiff's due process rights by placing Plaintiff in SHU. Therefore, the undersigned finds that Plaintiff's claims against Defendants Rickard, Randan, Moore, Munn, Martin, Barker and Mayle in Case No. 1:19-cv-00064 arise out of the same circumstances and are therefore the same as his claims in the present case.

Finally, the undersigned finds that Plaintiff's prior action and the present action involve identical parties. As he does in this case, Plaintiff named Warden Barbara Rickard, SIS Lieutenant Roldan Randan, SIA C. Moore, Captain Paul Munn, Lieutenant D. Martin, Foreman Cook C. Barker, and SHU Lieutenant D. Mayle as Defendants in Case No. 1:19-cv-00064.

Based on the foregoing, the undersigned finds that Plaintiff's present action against Defendants Rickard, Randan, Moore, Munn, Martin, Barker and Mayle is barred by the doctrine of *res judicata*. The prior lawsuit (1) was a final judgment on the merits, (2) involved the same causes of action, and (3) involved the same parties. The Court further finds that Plaintiff had a full and fair opportunity to litigate the claims in his prior action brought before this Court. Accordingly, the undersigned respectfully recommends that Plaintiff's claims against Defendants Rickard, Randan, Moore, Munn, Martin, Barker and Mayle be dismissed based upon the doctrine of *res judicata*.

**B.    *Defendants Carver, Rish, Looney, Leslie, Hurd, and Handley:***

The undersigned finds that collateral estoppel precludes the following claims against

13

Defendants Carver, Rish, Looney, Leslie, Hurd, and Handley: (1) Defendants violated Plaintiff's due process rights and access to the court by interfering with Plaintiff's administrative remedies; (2) Defendants violated Plaintiff's rights under the Eighth Amendment by subjecting him to hostility and harassment; (3) Defendants retaliated against Plaintiff for filing administrative remedies in violation of the First Amendment; and (4) Defendants violated Plaintiff's due process rights by placing Plaintiff in SHU. The Court finds that the above-referenced elements for collateral estoppel are satisfied as to Plaintiff's foregoing claims. First, the undersigned finds that the issues sought to be precluded are identical to the ones previously litigated, the issues were actually determined in the prior proceeding, and the issues were a critical and necessary part of the decision in the prior proceeding. As stated above, identical to Plaintiff's prior suit, Plaintiff bases his present suit upon the following claims: (1) Plaintiff has been subjected to hostility, harassment, and retaliation; (2) Plaintiff has been placed in SHU in violation of his due process rights; and (3) Defendants have improperly interfered with his administrative remedy filings. Plaintiff alleges that Defendants Carver, Rish, Looney, Leslie Hurd, and Handley engaged in the above misconduct in conjunction with the Defendants named in Case No. 1:19-cv-00064. Finally, the undersigned finds that the prior judgment is final and valid, and Plaintiff had a full and fair opportunity to litigate the issues in a previous forum. (See Case No. 1:19-cv-00064). The undersigned, therefore, finds that collateral estoppel precludes the above referenced claims against Defendants Carver, Rish, Looney, Leslie Hurd, and Handley.

**3.**    **Challenge Concerning Plaintiff's Disciplinary Hearing**:

Following the application of the *res judicate* and collateral estoppel, the only remaining issue is Plaintiff's challenge to his incident report and disciplinary hearing. Plaintiff alleges that he was placed in SHU on December 20, 2018, after the issuance of an Incident Report. Plaintiff contends he is innocent of the charges contained in the Incident Report. Plaintiff alleges that the

Incident Report was issued as an act of retaliation and evidence was falsified to support his conviction of the violation.

In <u>Heck v. Humphrey</u>, 512 U.S.477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under 42 U.S.C. § 1983.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Heck</u>, 512 U.S. at 487, 114 S.Ct. at 2372-73; <u>see also</u> <u>Poston v. Shappert</u>, 222 Fed.Appx. 301 (4th Cir. 2007)(applying *Heck* rationale to bar claims for damages under Section 1983 and *Bivens*); <u>Messer v. Kelly</u>, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions).

The Supreme Court applied the <u>Heck</u> rule to prison disciplinary proceedings in <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, challenges to prison hearing procedures which necessarily imply the invalidity of the judgment must be pursued in *habeas corpus*, not in a Section 1983 action. In <u>Balisok</u>, the inmate alleged that he

was denied the opportunity to put on a defense due to the deceit and bias of the hearing officer. The Court held "that [Balisok's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." <u>Edwards</u>, 520 U.S. at 648, 117 S.Ct. at 1589. Accordingly, the undersigned proposes that the District Court find (1) that Plaintiff alleges that fabricated evidence was used against him in connection with his prison disciplinary hearing, (2) that his contentions imply the invalidity of the disciplinary hearings and the review and appeal process, (3) that there has been no invalidation of the disciplinary hearing, and (4) that his claim is therefore barred.[3]

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 4), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge

---

[3]  The undersigned further notes that prisoner disciplinary proceedings are not part of criminal prosecution. Thus, the full panoply of rights due a defendant in criminal proceedings do not apply in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)("there must be mutual accommodation between institutional needs and objective and the provisions of the Constitution"). Inmates, however, are entitled to the following procedural safeguards during disciplinary hearings: (1) advance written notice to the inmate of the claimed violation; (2) an opportunity for the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action. *Id.*, at 563 - 66. If Plaintiff believes he was denied any of the above procedural safeguards, Plaintiff should file an Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.

David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: July 29, 2020.

Omar J. Aboulhosn
United States Magistrate Judge