IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LAZARO QUINONES-CEDENO,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:20-00466

MS. BARBARA RICKARD, WARDEN, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are plaintiff's two motions for injunctive relief.  (ECF Nos. 12 and 13.)  For the following reasons, the court **DENIES** both motions.

"A document filed *pro se* is 'to be liberally construed.' " Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The court construes plaintiff's motions as seeking an injunction to prohibit defendants from retaliating against plaintiff and interfering with plaintiff's access to courts.

A court may grant a preliminary injunction if the moving party demonstrates:  (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  Winter v. Natural Resources Defense Council, Inc.,

555 U.S. 7, 19 (2008).  A plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm; the irreparable harm must be "likely."  Id. at 22.  A mere "possibility" standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Id. at 20-22.

Here, at minimum, plaintiff fails to establish that he is likely to suffer irreparable harm without the preliminary injunction.  He has not demonstrated any legitimate and specific harm that he will suffer in the absence of the interlocutory injunctive relief requested.  See Acoolla v. Angelone, 186 F. Supp. 2d 670, 672 (W.D. Va. 2002) (denying request for preliminary injunction because plaintiff showed no cognizable and specific harm).  Other than vague fears of retaliation,[1] plaintiff mentions only one specific harm in his motions:  that Unit Manager L. Conner will break the typewriter and blame it on

---

[1] To the extent plaintiff seeks a preliminary injunction preventing prison staff from "retaliating" against him – which the court perceives as prison officials doing anything to plaintiff that he does not like - this is not only too broad of an alleged harm for a preliminary injunction to remedy but also consists of relief generally outside the purview of the courts. See Peyton v. Watson, 2010 WL 678093, at *1 (W.D. Va. Feb. 25, 2010) ("involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking") (citing Bell v. Wolfish, 441 U.S. 520, 540 n. 23, 548 n. 29 (1979)).

2

plaintiff.  There are several problems with this claim.  First, Unit Manager Conner is not a defendant in this action.  Second, and more importantly, there is no cognizable harm done to plaintiff even if Unit Manager Conner breaks the typewriter or forbids him to use the typewriter; the typewriter is not plaintiff's property, and plaintiff has no due process right to use that (or any) typewriter.  Access to the courts does not include a federally protected right to use a typewriter or to have one's pleadings typed, as pro se prisoners are not prejudiced by the filing of handwritten briefs.  See, e.g., Twyman v. Crisp, 584 F.2d 352, 358 (10th Cir. 1978); Stubblefield v. Henderson, 475 F.2d 26 (5th Cir. 1973).

Because plaintiff fails to establish that he is likely to suffer specific and irreparable harm without a preliminary injunction, the court **DENIES** plaintiff's motions.  (ECF Nos. 12 and 13.)

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to all counsel of record and to any unrepresented parties.

**IT IS SO ORDERED** this 28th day of August, 2020.

ENTER:

David A. Faber
Senior United States District Judge