```
            IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

LAZARO QUINONES-CEDENO,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:20-00466

Ms. BARBARA RICKARD, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation on July 29, 2020, in which he recommended that the court deny plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), dismiss plaintiff's Complaint, (ECF No. 4), and remove this matter from the court's docket.  (ECF No. 8.)

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Objections to the Proposed Findings and Recommendation were due by August 17, 2020.  On August 6, 2020, plaintiff filed a motion for extension of time.  (ECF No. 10.)  For lack of good cause shown, the court denied plaintiff's motion and ruled that the deadline to file objections remained August 17, 2020.  (ECF No. 11.)  On August 16, 2020, plaintiff delivered his objections to the PF&R to staff at FCI Hazelton, who mailed his objections on August 17, 2020.  (See ECF No. 14.)

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."  "A document filed *pro se* is 'to be liberally construed.' " Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly."  Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir. 1982)).  However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  Furthermore, objections that are

2

"unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

After reviewing and liberally construing plaintiff's objections, the court finds that plaintiff's objections contain no specific objections to the PF&R that warrant de novo review. The PF&R found that this court's prior judgment entered in Case No. 1:19-cv-00064 precludes plaintiffs' claims against defendants in this action because the claims involve identical issues and parties. (See ECF No. 8.) The PF&R also found that plaintiff's claim challenging his disciplinary hearing is Heck-barred because there has been no invalidation of the disciplinary hearing. (See id.) Plaintiff's objections are entirely unresponsive to the above reasoning contained in the PF&R. Therefore, plaintiff's objections are hereby **OVERRULED**.

Accordingly, the court also adopts the Finding and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), is **DENIED**;
2. Plaintiff's Complaint, (ECF No. 4), is **DISMISSED**; and
3. The Clerk is directed to remove this case from the court's active docket.

On August 14, 2020, the court also received two motions by plaintiff requesting the court to enter preliminary injunctions. (ECF Nos. 12 and 13.) On this same day, the court has entered a Memorandum Opinion and Order denying both motions.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 28th day of August, 2020.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge